UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JORGE GARCIA ELIAS,

        Petitioner,        2:12-cv-01799-AA

        v.                ORDER

MR. STEVEN FRANKE,

        Defendant.

AIKEN, District Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition under 28 U.S.C. § 2254 challenging his convictions for six counts of Delivery of a Controlled Substance. Following a jury trial, petitioner was sentenced to consecutive sentences totaling 152 months of imprisonment. Exhibit 101.

    Petitioner appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme

1 - ORDER

Court denied review. Exhibits 103 - 109.

Petitioner filed a petition for post conviction relief, but the Umatilla County Circuit Court denied relief, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 115 - 121.

Petitioner's petition in this proceeding alleges four grounds for relief. Respondent now moves to deny relief as follows: "First, relief should be denied in Ground Three as petitioner fails to present that claim as a federal issue. Second, relief should be denied on Grounds Two, Three, and Four as these claims were not 'fairly presented' to Oregon's highest court and cannot now be 'fairly presented' to that court; thus, they are procedurally defaulted. Third, insofar as petitioner's claims were presented to the Oregon State Courts in Grounds One and Three, relief on them was denied in decisions that were neither 'contrary to,' nor 'unreasonable applications of,' United States Supreme Court precedent." Response to Petition (#23) p. 2.

Under 28 U.S.C. § 2254(a), federal courts may entertain applications for habeas corpus relief by state prisoners "only on the ground taht he is in custody in violation of the Constitution or laws or treaties of the United States." See, Estelle v. McGuire, 502 U.S. 62, 67 (1991); Wainwright v. Goode, 464 U.S. 78, 83 (1983).

2 - ORDER

In Ground Three, petitioner alleges that the "[t]rial court denied petitioner a full and fair trial" because it denied a continuance.

Petitioner has not alleged a specific constitutional or other federal law violation in support of his claim in Ground Three and therefore, Ground Three fails to allege a claim cognizable under 28 U.S.C. § 2254.

Assuming this defect could be cured by amendment, the claim in Ground Three is barred because it is procedurally defaulted as discussed below.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo

3 - ORDER

v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); see also, Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (*per curiam*) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review

4 - ORDER

is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In Ground Two, petitioner alleges ineffective assistance of appellate counsel for failing to present the Court of

5 - ORDER

Appeals with an assignment of error relating to a dispute over packaging numbers on the methamphetamine tested at a lab. In Ground Three petitioner alleges that the trial court denied him a full and fair trial because it denied a continuance. In Ground Four, petitioner alleges ineffective assistance of trial counsel for failing to move for judgment of acquittal on grounds that the state had failed to present sufficient evidence. Petitioner raised these claims in the post-conviction trial court. *See* Exhibit 110. However, appeal of the post-conviction trial presented the following single assignment of error: "The court below erred in finding that petitioner was not denied adequate and effective assistance of counsel due to original trial counsel's failure to adequately investigate and prepare for trial." Exhibit 116.

Thus, petitioner did not present Grounds Two, Three or Four to the state post-conviction appellate courts.

Petitioner did raise Ground Three on direct appeal, exhibit 103, p. 6] and in his petition for review by the Oregon Supreme Court, Exhibit 107. However, he did not cite any federal constitutional argument in support of his claim and relied on Oregon cases in support of his argument in his brief to the court of appeals.[1]

---

[1]

In his direct appeal brief, petitioner cited <u>Ungar v. Sarafite</u>, 376 U.S. 575 (1964), for the proposition: "There are no mechanical tests for deciding when a denial of a

In addition, there is no transcript of the proceeding in which petitioner requested a continuance of the trial date. *See*, Exhibit 104, p. 5-6. Therefore, there is no record to indicate that petitioner alerted the state trial court that he was presenting a federal issue in seeking a continuance.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon State courts.[2] Accordingly, Grounds Two, Three and Four are procedurally defaulted.

Petitioner has not established any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, Grounds Two Three and Four

---

continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." However, I find that this reference is insufficient to "fairly present" a federal due process claim to the Oregon court.

2

ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

7 - ORDER

are not properly before the court and are denied.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that

8 - ORDER

are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable."

9 - ORDER

Andrade, 538 U.S. at 75-76.

It is not an "objectively unreasonable application of clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521

10 - ORDER

U.S. 320, 333 n. 7 (1997).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." <u>Id</u>.

11 - ORDER

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curiam*).

The general nature of the *Strickland* test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

In Ground One, petitioner alleges that his first trial counsel, Ronald Hellewell, was ineffective because he failed to issue subpoenas to unnamed witnesses and "he in turn allowed the

12 - ORDER

State not to present the Forensic Expert to be cross-examined on the stand, since it became known that the serial numbers on the evidence were different once the alleged drugs were sent back to Oregon from San Francisco." Petition (#2) p. 6-7. Petitioner alleged both of these claims in his PCR Petition. Exhibit 110, p. 4.

The PCR court denied relief in a general judgment. Exhibit 115. The PCR court held: "Petitioner's claim regarding his former counsel, Mr. Hellewell, does not state a claim for post-conviction relief because Mr. Hellewell did not represent petitioner during the trial proceedings. Petitioner discharged Mr. Hellewell before the trial proceedings. Ms. Cooper represented petitioner. Trail counsel Hellewell cannot be faulted for evidence that Ms. Cooper did not bring into evidence." Exhibit 114, p. 15.

The trial court finding that petitioner's allegation an attorney that did not represent petitioner at trial failed to state a claim for ineffective assistance of counsel is entitled to deference by this court because it is not an unreasonable application of *Strickland*. The finding is reasonable, logical and supported by the record.

Moreover, petitioner did not specify in his PCR petition, nor has he alleged in this proceeding what witnesses counsel should have called or provided any evidence as to what the unnamed witnesses would have testified to. Therefore, petitioner failed to

13 - ORDER

satisfy the second (prejudice) prong of the *Strickland* test. *See*, <u>Wildman v. Johnson</u>, 261 F.3d 832, 839 (9th Cir. 2001). <u>Tinsley v. Million</u>, 399 F3d 796 (6th Cir. 2005).

As to petitioner's claim that trial counsel was ineffective because counsel stipulated to the admission of lab reports without requiring the analyst who authored them to testify, the PCR court found: "Trial counsel Cooper's decision not to call to testify the laboratory analyst was proper, and was the result [of] a reasonable professional judgment. She adequately dealt with the issue of the forensic scientist. She was given an opportunity to cross-examine the scientist by telephone as a witness. She declined to do so. She – trial counsel Cooper adequately and properly addressed the issue of chain of custody, arguing in the [motion for] judgment of acquittal that the mismatched routing numbers provided evidence that the State had not followed the proper chain of custody. ... That motion was rejected by the trial court, and counsel properly dealt with the chain of custody issue." Exhibit 114, p. 15 - 16 The PCR court further held that petitioner had failed to establish prejudice as a result of the alleged omission by trial counsel in not having the forensic scientist testify because he failed "to meet his burden of what evidence the forensic scientist would have offered or that such testimony would have affected the outcome of his trial." *Id*.

The PCR court's finding is not an unreasonable application of

14 - ORDER

*Strickland* and is supported by the record. Counsel did contest the chain of custody via a motion for judgment of acquittal - which was denied by the trial court. The decision not to cross examine the lab analyst was a reasonable strategic decision.

Moreover, as with the un-subpoenaed witnesses, petitioner has presented any evidence of what the lab analyst would have said that would have benefitted his case and has therefore failed to establish any prejudice. <u>Wildman v Johnson</u>, *supra*; <u>Tinsley v. Million</u>, *supra*.

Based on all of the foregoing, petitioner's Petition (#2) is denied. The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should is denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 3rd day of October, 2013.

Ann Aiken
United States District Judge

15 - ORDER